UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS J. BROOKSHIRE,

    Petitioner,

v.                             Case No. 23-CV-1512

CHRISTOPHER STEVENS,

    Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Dennis J. Brookshire, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. He asks that he be allowed to proceed without prepayment of the $5.00 filing fee. (ECF No. 2.) Based on the court's review of his financial affidavit and trust account statement, the court finds that Brookshire lacks the resources to pay the filing fee and therefore **grants** his request.

The court must now review his petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Brookshire has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1 at 3), and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). He previously sought habeas relief in this court, *see* Case No. 19-cv-01292, but that petition related to a differing underlying conviction, and therefore this petition is not a second or successive petition. *See* 28 U.S.C. § 2244(b). He represents that he filed his petition within one year of the United States Supreme Court denying his petition for a writ of certiorari (ECF No. 1 at 4); *see also* 28 U.S.C. § 2244(d). And he presents a cognizable claim for relief—that his trial counsel was ineffective. (ECF No. 1 at 6-7.) Consequently, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. the petitioner shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. The petitioner may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss the petitioner's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the

petition, the petitioner shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 29th day of November, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge