UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS J. BROOKSHIRE,

        Petitioner,

v.

        Case No. 23-cv-1512-pp

MICHAEL GIERACH,

        Respondent.

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 8)

On November 13, 2023, the petitioner—who is incarcerated at Redgranite Correctional Institution and is representing himself—filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his convictions for one count each of first-degree intentional homicide and bail jumping, and two counts of first-degree recklessly endangering safety. Dkt. No. 1. On November 29, 2023, Magistrate Judge William E. Duffin issued a screening order granting the petitioner's motion for leave to proceed without prepaying the filing fee and ordered the respondent to answer the petition. Dkt. No. 6.

On December 1, 2023, the petitioner filed a motion for appointment of counsel. Dkt. No. 8. The petitioner explains that he is in custody. Id. at 1. He states that he "is unable, due to his poverty, to pay for counsel to represent himself in these Habeas proceedings." Id. at 2. The petitioner argues that "the issues presented by this petition are complex[,]" that his conviction resulted

1

from a jury trial and that an evidentiary hearing likely will be necessary. Id. at 2. He says that the "the requirements of the Antiterrorism & Effective Death Penalty Act of 1996" add to the complexity of the case, and that even courts find those requirements difficult to figure out. Id. Finally, the petitioner says that he is not a lawyer and that he would not be able to adequately present his claims without a lawyer. Id. The petitioner does not explain whether he has tried to find a lawyer on his own.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases because "[a] litigant is not entitled to appointed counsel in a postconviction proceeding." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S> 551, 555 (1987)). The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting the Criminal Justice Act, 18 U.S.C. §3006A(a)(2)(B)).

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)). When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914

F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)); see also Pickett v. Chicago Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019) ("A litigant's good faith but unsuccessful effort to obtain counsel is a necessary condition to the provision of judicial assistance to recruit a lawyer."). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021). If a litigant satisfies the first step, the court must then determine "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 654-55 (7th Cir. 2007).

Because the petitioner has not demonstrated that he has "made a reasonable attempt to secure counsel on his own," the court will deny without prejudice the petitioner's motion to appoint counsel. See Giles, 914 F.3d at 1053. The court recognizes that the petitioner may believe that he won't be successful in finding a lawyer on his own due to his financial circumstances, but he still must demonstrate that he made a reasonable attempt to do so. "The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own." Devroy v. Boughton, Case No. 22-cv-727-pp, 2023 WL 4059112, at *4 (E.D. Wis. June 19, 2023). Because the petitioner has not provided the court with any evidence showing he tried to hire counsel himself, the court will deny the petitioner's motion without prejudice.

3

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for appointment of counsel. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 1st day of February, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**