UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS J. BROOKSHIRE,

Petitioner,

v.

Case No. 23-cv-1512-pp

DAISY CHASE,[1]

Respondent.

---

**ORDER DENYING PETITIONER'S MOTIONS TO FILE SUPPLEMENTAL REPLY BRIEFS (DKT. NOS. 21, 22) GRANTING RESPONDENT'S MOTION TO DISMISS (DKT. NO. 12), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On November 13, 2023, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2017 conviction in Milwaukee County Circuit Court for first-degree intentional homicide, bail jumping and first-degree recklessly endangering safety. Dkt. No. 1. On January 29, 2024, the respondent filed a motion to dismiss, arguing that the petitioner had procedurally defaulted on his claims. Dkt. No. 12. After the motion was fully briefed, the petitioner requested leave to file two "supplemental" reply briefs. Dkt. Nos. 21, 22.

The court will deny the petitioner's request for leave to file supplemental briefs, grant the respondent's motion to dismiss, dismiss the case and decline to issue a certificate of appealability.

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at Redgranite Correctional Institution. Daisy Chase now is the warden of that institution. The court has updated the caption accordingly.

## I. Background

On October 3, 2016, the petitioner was charged with first-degree intentional homicide with the use of a dangerous weapon and as a party to the crime, bail jumping and two counts of first-degree recklessly endangering safety with the use of a dangerous weapon and as a party to the crime. State v. Brookshire, Milwaukee County Circuit Court Case No. 2016CF004456 (available at https://wcca.wicourts.gov). A jury convicted the petitioner on all charges. Id. The state court sentenced the petitioner to life in prison. Id. The court entered a judgment of conviction on June 28, 2017. Id.; Dkt. No. 13-2 at 2.

The petitioner filed a motion for postconviction relief, arguing that his trial counsel was ineffective for failing to challenge certain testimony at trial. Dkt. No. 13-3. After the trial court denied that motion, the petitioner appealed both his underlying conviction and the denial of his postconviction motion to the Wisconsin Court of Appeals. Id. The court of appeals affirmed. Id. at 10. The petitioner filed a petition for review with the Wisconsin Supreme Court, which that court denied on December 15, 2022. Dkt. No. 13-4. The petitioner then filed a petition for a writ of *certiorari* with the United States Supreme Court, which the Court denied on May 1, 2023. Dkt. No. 13-5.

About four months later, the petitioner filed this *habeas* petition under 28 U.S.C. §2254. Dkt. No. 1. The petitioner raises two grounds for relief: (1) that trial counsel was ineffective for failing to move to suppress out-of-court identifications and (2) that trial counsel was ineffective for failing to object to

"improper testimony." Id. at 6–7. Magistrate Judge William E. Duffin screened the petition and ordered the respondent to answer. Dkt. No. 6. On January 29, 2024, the respondent filed the instant motion to dismiss. Dkt. No. 11.

## II. Petitioner's Motions for Leave to File Supplemental Briefs (Dkt. Nos. 21, 22)

Because the petitioner does not have legal training, the court will walk the petitioner through the typical briefing process. The party who files the motion (the moving party—in this case, the respondent) usually files a brief in support of the motion. The opposing, or "non-moving" party—in this case, the petitioner—then has the opportunity to file an opposition brief; the rules give the non-moving party twenty-one days within which to file that opposition brief. Finally, the moving party (again, in this case, the respondent) has the opportunity to file a reply brief; the deadline for filing a reply brief is two weeks after the non-moving party files the opposition brief. Those three briefs are the only ones contemplated by this court's Local Rules. See Civil Local Rule 7(a)–(c) (E.D. Wis.). If the non-moving party files another brief after the moving party has filed a reply, that brief is called a "sur-reply brief." Sur-reply briefs are not allowed by the rules as a matter of course; a party who wishes to file a sur-reply must file a motion asking the court's permission to do so, and must provide the proposed sur-reply brief "as an attachment to a motion requesting leave to file it." Civil Local Rule 7(i) (E.D. Wis.).

In this case, the respondent filed a brief in support of her motion to dismiss, dkt. no. 13, the petitioner filed his opposition brief, dkt. no. 17, and the respondent filed her reply brief, dkt. no. 18. The petitioner then filed a sur-

reply brief without asking the court's permission to do so. Dkt. No. 20. That means he did not follow the rules in filing that sur-reply brief. But the petitioner *did* follow the procedure set out in Civil L.R. 7(i) for his two "supplemental" briefs. He filed those briefs as attachments to motions asking the court's permission to file them. Dkt. Nos. 21, 22.

The court understands that the petitioner is not a lawyer and has no legal training. But even self-represented litigants must follow procedural rules. See Pearle Vision, Inc. v. Room, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is . . . well established that pro se litigants are not excused from compliance with procedural rules.") The court will not consider the petitioner's sur-reply brief filed at Dkt. No. 20 because he did not ask the court's permission to file it.

On August 7, 2024 and November 26, 2024, the petitioner requested permission to file two "supplemental" briefs. Dkt. Nos. 21, 22. In the first motion, the petitioner states that since he filed his sur-reply brief on April 29, 2024, he has "developed more research in regards to [his] claims." Dkt. No. 21 at 1. He explains that he has no legal training and has limited access to his institution's law library to research and prepare his materials. Id. He attached to the motion a proposed five-page supplemental brief. Dkt. No. 21-1.

In his second request, the petitioner again asserts that since filing his briefs he has "developed more research in regards to [his] claims." Dkt. No. 22 at 1. The petitioner states that he has discovered that failure to brief a ground for relief in the district court means that that ground is "forfeited." Id. (citing Pole v. Randolph, 570 F.3d 922, 937 (7th Cir. 2009)). He explains that in his

original brief, he failed to argue an issue related to Ground One of his petition and that he now wishes to "fully argue" the issue. Id. He attached a proposed eight-page supplemental brief to the motion. Dkt. No. 22-1.

The court will deny the petitioner's motions. The court does not grant leave to file sur-replies as a matter of course, and they are disfavored. See, *e.g.*, Novoselsky v. Zvunca, Case No. 17-cv-427, 2017 WL 3025870 at *4 n.2 (E.D. Wis., July 17, 2017) (collecting cases). Most of the petitioner's proposed sur-reply briefs consist of arguments relating to the merits of his *habeas* petition; they do not respond to arguments made by the respondent in her motion to dismiss. The second sur-reply brief does contain one paragraph on page seven addressing the issue of procedural default. Dkt. No. 22-1 at 7. But that portion of the brief is a restatement of arguments from the petitioner's original opposition brief. See Dkt. Nos. 17 at 5–6; 22-1 at 7. The petitioner's sur-reply briefs do not contain any arguments relevant to the respondent's motion to dismiss and so are unnecessary.

## III. Respondent's Motion to Dismiss (Dkt. No. 12)

### A. The Parties' Arguments

The respondent has asked the court to dismiss the petition on the ground that it is procedurally defaulted. Dkt. No. 13 at 1. The respondent argues that the state court of appeals rejected the petitioner's claims on adequate and independent state law grounds. Id. at 2. According to the respondent, Wisconsin courts require an evidentiary hearing before a defendant can obtain relief on a postconviction claim of ineffective assistance of

counsel. Id. at 2–3. The respondent contends that to obtain an evidentiary hearing, the petitioner must provide in his postconviction motion "sufficient material facts . . . that, if true, would entitle him to the relief he seeks." Id. at 3 (quoting State v. Allen, 274 Wis. 2d 568, 580 (Wis. 2004)). The respondent maintains that if the petitioner fails to do this, the state court can deny the petitioner's postconviction motion without an evidentiary hearing. Id. The respondent argues that the Allen rule is an adequate and independent state law ground for the purposes of procedural default. Id. (citing Lee v. Foster, 750 F.3d 687, 693–94 (7th Cir. 2014)).

The respondent argues that the state court relied on the Allen rule when it denied the petitioner's ineffective assistance of counsel claims. Id. at 4. She asserts that the court determined the petitioner had not sufficiently pled that he was prejudiced by his counsel's failure to seek suppression of two out-of-court identifications by two witnesses based on the other "overwhelming" evidence of the petitioner's guilt. Id. The respondent argues that because there was no evidentiary hearing in the trial court, the only issue for the court of appeals to decide was whether a remand for an evidentiary hearing was required, necessarily implicating the Allen rule. Id. at 4–5. The respondent contends that even though the court of appeals discussed the merits of the petitioner's claim, that does not change the fact that the court relied on Allen when making its ruling. Id. at 5–6. The respondent says that because the court of appeals relied on Allen, an adequate and independent state law ground, to deny relief, this court must dismiss the petition. Id. at 6.

The petitioner opposes the motion by arguing the merits of his ineffective assistance of counsel claims. Dkt. No. 17. The petitioner says that his counsel filed a motion to suppress a witness' identification of him, then withdrew the motion before the court had ruled, so the identification was introduced at trial. Id. at 1. He contends that counsel knew that the identification was improper but "failed to follow through" on excluding the evidence. Id. at 1–2. According to the petitioner, law enforcement initially showed the witness photos of the petitioner and another suspect, Deonta Ames, and the witness was unable to identify the petitioner. Id. at 2. The petitioner says that thirty days later, law enforcement showed the witness another photo lineup that included the petitioner but not Ames; the witness then identified the petitioner as the perpetrator. Id. Likening his case to Foster v. California, 394 U.S. 440 (1969), the petitioner argues that including only *his* photo in both lineups primed the witness to identify him, because his photo already was familiar to the witness. Id.

The petitioner argues that the inclusion of this evidence at trial was prejudicial. Id. at 3. He asserts that the other eyewitness testimony was "questionable," that the video evidence was poor quality and that the forensic evidence was "circumstantial." Id. He contends that had this testimony not been presented to the jury, the outcome would have been different. Id.

The petitioner opines that his second ground for relief is "clear-cut." Id. The petitioner says that under Wisconsin law, "a witness may not testify that another witness is telling the truth." Id. (citing State v. Haseltine, 120 Wis. 2d

92, 96 (Wis. Ct. App. 1984); State v. Romero, 147 Wis. 2d 264, 278 (Wis. 1988)). He argues that Officer Luke Ardis's testimony at trial relating to a vehicle used during the shooting improperly bolstered the testimony of other witnesses regarding the same car. Id. The petitioner says that trial counsel's failure to object to the testimony unfairly prejudiced him. Id. at 3–4.

Addressing procedural default, the petitioner argues that he satisfied the Allen standard by showing how counsel's failure to object to the two pieces of evidence was ineffective and by showing that that ineffective assistance was prejudicial and violated his rights to a fair trial Id. at 4–5. The petitioner argues that the state court should have held an evidentiary hearing to establish a "clear and complete record" for the court. Id. at 5. He contends that he did present his claims to the state courts for a full round of review, so he should not be found in default. Id. at 6.

Replying to the petitioner's evidentiary hearing arguments, the respondent cites Lee v. Foster, 750 F.3d 687, 693 (7th Cir. 2014), which the respondent contends "forecloses Petitioner's claims." Dkt. No. 18 at 2. The respondent also argues that the petitioner's argument that he was entitled to an evidentiary hearing to develop his claims is contrary to Wisconsin law. Id. at 3. The respondent argues that the petitioner was entitled to an evidentiary hearing only if he stated "sufficient material facts that, if true, would entitle [him] to relief." Id. (quoting Allen, 274 Wis. 2d at 568).

B. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759–60 (7th Cir. 2014) (quoting 28 U.S.C. §§2254(d)(1), (2)). "'[A] federal *habeas* court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under §2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

C. Analysis

A *habeas* claim is procedurally defaulted if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting

Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on a state law ground that is adequate and independent of the merits of the federal claim." Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021). "Federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 736 (1991).

A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). However, "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. If the state court's procedural ruling is "primary," then it is independent. Id.

As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. The court does not consider "whether the review

by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

The Allen rule requires that the petitioner's motion "raise facts sufficient to entitle the movant to relief" rather than "conclusory allegations." Allen, 274 Wis. 2d at 576. "*Allen*'s pleading standard is an adequate and independent state procedural rule." Whyte v. Winkleski, 34 F.4th 617, 625 (7th Cir. 2022) (citations omitted).

The court of appeals relied on the Allen rule when it rejected the petitioner's ineffective assistance of counsel claims. The court of appeals explicitly invoked Allen, stating that the petitioner needed to allege "sufficient material facts that, if true, would entitle [him] to relief." Dkt. No. 13-3 at ¶18 (quoting Allen, 274 Wis. 2d at 580). The court determined that even accepting the photo lineups that resulted in the out-of-court identification of the petitioner were "unduly suggestive," the petitioner had not established that he was prejudiced by the inclusion of the testimony. Id. at ¶21. The court stated that the petitioner had not met his burden to show that the outcome of his trial would have been different in light of the "overwhelming" evidence presented at trial. Id. at ¶22. As to Officer Ardis's testimony, the court stated that the petitioner had provided only a "conclusory allegation" that Ardis's testimony prejudiced him, which was not enough to warrant a hearing. Id. at ¶25 (citing Allen, 274 Wis. 2d at 576–77, 588–89). Because the court of appeals found that the petitioner's motion was insufficient under Allen, the petitioner's claims are procedurally defaulted.

The petitioner argues that the state court should have granted him an evidentiary hearing to develop his claims further. But this federal court's *habeas* review is limited to whether the state court relied on an adequate and independent state law ground, "not whether the review by the state court was proper on the merits." Lee, 750 F.3d at 694 (rejecting petitioner's argument that the state court misapplied Allen and should have granted him an evidentiary hearing on his ineffective assistance of counsel claim). Nor does the state court's discussion of the merits of the petitioner's ineffective assistance of counsel claim override its reliance on the Allen rule. See Whyte, 34 F.4th at 627 ("Even if the court also rejected Whyte's claim as meritless, our review is foreclosed when adequate and independent state law grounds are sufficient to resolve the dispute."). Here, the court of appeals found that the petitioner's pleadings did not raise sufficient facts to establish prejudice. Dkt. No. 13-3 at ¶¶22, 25. Because the court of appeals clearly relied on Allen, an adequate and independent state law ground, the petitioner has procedurally defaulted his claims.

When a petitioner's claims are procedurally defaulted, the court must consider whether to excuse that default. Coleman, 501 U.S. at 750. The petitioner must show either (1) cause for the default and resulting prejudice or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. (citations omitted). But the petitioner did not raise this argument in his briefing and the court "will not make it for him here." Lee, 750 F.3d at 694 (citing Franklin v. Gilmore, 188 F.3d 877, 884–85 (7th Cir.

1999). In any event, the petitioner has not asserted that "some objective factor external to the defense" impeded his counsel's efforts to comply with Allen, Murray v. Carrier, 477 U.S. 478, 488 (1986), nor has he alleged that an error "so infected the entire trial that the resulting conviction violates due process," Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013). The petitioner has not argued for, or presented evidence of, actual innocence. The court will dismiss the petitioner's ineffective assistance of counsel claims as procedurally defaulted.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 494 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's petition should be dismissed.

## V. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Daisy Chase is the correct respondent.

The court **DENIES** the petitioner's motions to file supplemental briefs. Dkt. Nos. 21, 22.

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 12.

The court **ORDERS** that the case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 26th day of March, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**