UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS J. BROOKSHIRE,

          Petitioner,

  v.                              Case No. 23-cv-1512-pp
                                  Appeal No. 25-1712

DAISY CHASE,

          Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 33), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (DKT. NO. 31) AND DIRECTING PETITIONER TO REFILE REQUEST WITH COURT OF APPEALS**

        On March 26, 2025, the court granted the respondent's motion to dismiss the petitioner's *habeas* petition, dismissed the case and declined to issue a certificate of appealability. Dkt. No. 23 at 14. On April 25, 2025, the court received from the petitioner a notice of appeal. Dkt. No. 25. Three days later, the court received from the petitioner a motion for a certificate of appealability, dkt. no. 31, and on August 4, 2025—almost four and a half months after the court dismissed the petition—the court received from the petitioner a motion for reconsideration, dkt. no. 33. The court will deny the petitioner's motion for reconsideration and direct the petitioner to refile his request for a certificate of appealability with the court of appeals.

**I.    Motion for Reconsideration**

        District courts generally lack jurisdiction over a case once it has been appealed. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir.

1

2008)). There is an exception to this rule: if a party files a motion under Federal Rule of Civil Procedure 60(b) during the pendency of an appeal, the district court may rule on that motion, because such a ruling "creates no risk of overlapping decisions." Ameritech, 543 F.3d at 418. A district court's ruling on a motion for reconsideration will "expedite the resolution of a pending appeal," because the district court's decision either will demonstrate that the district court "has no desire to amend its ruling" or will result in the district court reversing its earlier position, mooting the appeal. Id. The Seventh Circuit "encourage[s] district courts to respond promptly" to such motions. Id.

The Federal Rules of Civil Procedure state that if a party timely files a motion for relief that the court lacks authority to grant because an appeal is pending, the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). And under the Federal Rules of Appellate Procedure, if the district court states that it would grant a motion for relief that it lacks authority to grant because an appeal has been docketed, the court of appeals may remand for further proceedings. Fed. R. App. P. 12.1(b) (Remand After an Indicative Ruling).

The petitioner states that he is filing his motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 33 at 1. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after

2

the entry of the judgment." Fed. R. Civ. P. 59(e). The court entered judgment on March 26, 2025, but the petitioner did not file his motion until August 4, 2025—far more than twenty-eight days after entry of the judgment. The court cannot extend the deadline for Rule 59(e) motions. That means that the petitioner's Rule 59(e) motion was untimely. The court can consider the petitioner's motion only under Rule 60(b). See Williams v. Illinois, 737 F.3d 473, 475–76 (7th Cir. 2013).

A Rule 60(b) motion need be made only "within a reasonable time" and no more than a year after the entry of judgment. Rule 60(b) states that the court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is limited to grounds specified in the rule or to extraordinary circumstances." Williams, 737 F.3d at 476 (citing Mendez v. Republic Bank, 725 F.3d 651, 657 (7th Cir. 2013); Stoller v. Pure Fishing Inc., 528 F.3d 478, 480 (7th Cir. 2008)).

The petitioner brought two claims of ineffective assistance of trial counsel in his *habeas* petition. Dkt. No. 1 at 6–7. In its order granting the respondent's motion to dismiss, the court determined that the petitioner's *habeas* claims were procedurally defaulted because the state appellate court's decision rested on an adequate and independent state law ground. Dkt. No. 23 at 11. Specifically, the court found that the state court had relied on the Allen rule,

3

which requires that a petitioner's motion "raise facts sufficient to entitle the movant to relief" rather than "conclusory allegations." State v. Allen, 274 Wis. 2d 568, 576 (Wis. 2004). In his motion for reconsideration, the petitioner argues that the state court rejected only one of his grounds for relief under the Allen rule, so the other of his claims is not procedurally defaulted. Dkt. No. 33 at 2. The petitioner argues that this is a legal error which may be considered a "mistake" under Rule 60(b)(1). Id. at 3 (citing Kemp v. United States, 142 S. Ct. 1856, 1865 (2022)).

The court did not make a legal error when it determined that the petitioner's claims were procedurally defaulted. The Wisconsin Court of Appeals stated that there had not been an evidentiary hearing on the petitioner's ineffective assistance of counsel claims. Dkt. No. 13-3 at ¶18. The state court invoked the Allen rule, stating that a petitioner is entitled to an evidentiary hearing only if he has alleged "sufficient material facts that, if true, would entitle the defendant to relief." Id. (quoting Allen, 274 Wis. 2d at 580). The court of appeals then analyzed the petitioner's claims and determined that he had not pled the prejudice prong of his ineffective assistance of counsel claims. Id. at ¶¶21–22, 25. The court of appeals affirmed the circuit court's order. Id. at 10.

The court of appeals' entire decision was necessarily based on Allen because the sole issue before the court was whether the petitioner was entitled to an evidentiary hearing. An evidentiary hearing under State v. Machner, 92 Wis. 2d 797 (Wis. Ct. App. 1979) is a prerequisite to relief on ineffective assistance of counsel claims. State v. Curtis, 218 Wis. 2d 550, 554 (Ct. App. 1998). "When a circuit court summarily denies a postconviction motion alleging ineffective assistance of counsel without holding a Machner hearing, the issue

4

for the court of appeals reviewing an ineffective assistance claim is whether the defendant's motion alleged sufficient facts entitling him to a hearing." State v. Sholar, 381 Wis. 2d 560, 593–94 (Wis. 2018). Because there was no evidentiary hearing in the petitioner's case, the state court of appeals was deciding only whether the petitioner alleged sufficient facts entitling him to a hearing—the same question that Allen asks. The court of appeals determined that the petitioner had not pled sufficient facts under Allen. The court of appeals' decision was based on an adequate and independent state law ground, and the petitioner's claims are procedurally defaulted. See Whyte v. Winkleski, 34 F.4th 617, 625 (7th Cir. 2022) (stating that Allen's pleading standard "is an adequate and independent state procedural rule").

Because the court did not make a legal error, and because the petitioner has presented no other basis for reconsidering the court's order, the court will deny the petitioner's motion for reconsideration.

## II. Motion for Certificate of Appealability

On April 28, 2025, the petitioner filed an "application for certification of appealability." Dkt. No. 31. This district court declined to issue a certificate of appealability in its order dismissing the petitioner's case. Dkt. No. 23 at 13. Rule 11 of the Rules Governing Section 2254 and 2255 Cases states that if the district court denies a certificate of appealability, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." The petitioner must direct his request for a certificate of appealability to the Seventh Circuit Court of Appeals. The court will deny without prejudice the petitioner's motion for certificate of appealability.

### III. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 33.

The court **DENIES WITHOUT PREJUDICE** the petitioner's request for certificate of appealability. Dkt. No. 31. The petitioner must refile this request with the Seventh Circuit Court of Appeals.

The court will electronically transmit a copy of this order to the Court of Appeals for the Seventh Circuit.

Dated in Milwaukee, Wisconsin this 10th day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**